

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable T. D. Sansing
County Attorney
Hansford County
Spearman, Texas

Dear Sir:      Opinion No. 0-5959
               Re:  Whether a Commissioners'
                    Court has the authority
                    to cancel a subdivision
                    lying wholly outside an
                    incorporated town, and
                    related questions.

          In your letter of April 7, 1944, you gave us
certain facts, which may be summarized as follows:

          There are several plats and subdivisions of
record in your county, which have made a dedication of the
streets and alleys shown thereon to the use of the public.
Most of these subdivisions are near a town, but others are
within the limits of an incorporated town.  The taxing au-
thorities desire to cancel these subdivisions so that the
lots and blocks delineated thereon may be assessed for taxes
as acreage.

          You request our opinion upon the following
questions:

          "1.  Does the Commissioners Court have
     authority to cancel a sub-division lying
     wholly outside of any incorporated town?

          "2.  Does the Commissioners Court have
     authority to cancel a sub-division located
     within the boundaries of an incorporated
     town?

          "3.  Does the city, acting through the
     Mayor and Commissioners, where the town is
     incorporated, have the authority to cancel

...MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTAN...

Hon. T. D. Sansing - Page 2

a subdivision or plat located wholly within
the limits of said town?"

Article 7227, R. C. S. 1925, makes provision for canceling subdivisions not in an incorporated city or town, as follows:

"Any person, firm, association or corporation owning lands in this State, which lands
have been subdivided into lots and blocks or small
subdivisions, may make application to the Commissioners court of the county wherein any such
lands are located, for permission to cancel all
or any portion of such subdivision or subdivisions,
so as to throw the said lands back into acreage
tracts as it existed before such subdivisions were
made. When such application is made by the owner
or owners of such land, and it is shown that a
cancellation of such subdivisions, or portion thereof,
will not interfere with the established rights of
any purchaser owning any portion of such subdivisions, or if it be shown that said person or
persons agreed to such cancellation, said commissioners court shall enter an order, which order
canceling said subdivision shall be spread upon
the minutes of such court, authorizing such owner
or owners of such lands to cancel the same by
written instrument describing such subdivisions,
or portions thereof, so canceled as designated by
said court. When such cancellation is filed and
recorded in the deed records of such county,
the tax assessor of such county shall assess such
property as though it had never been subdivided.
When such application is so filed, said court
shall cause notice to be given of such application by publishing such application in some
newspaper, published in the English language, in
such county for at least three weeks prior to
action thereon by said court, and action shall
be taken on such petition or petitions at a
regular term of said court. Such notice, in
addition to said publication, shall command any
person interested in such lands to appear at the
time specified in such notice to protest if desired
against such action. If such lands are delinquent
for taxes for any preceding year, or years, and
such application is granted as hereinbefore provided, the owner or owners of said land shall be
permitted to pay such delinquent taxes upon an

Hon. T. D. Sansing - Page 3

acreage basis, the same as if said lands had
not been subdivided, and for the purpose of
assessing lands for such preceding years the
county assessor of taxes shall back assess such
lands upon an acreage basis. This law shall
not apply to any lands or lots included in an
Incorporated city or town.

The above statute has been held to be with-
in the constitutional grant of power conferring upon the Com-
missioners' Court jurisdiction over county business. Eidelbach
vs. Davis, 99 S. W. (2) 1067.

In discussing what effect should be given
an order of the Commissioners' Court of Galveston County grant-
ing one Eagle the right to convert back into acreage a part
of the land included in a subdivision plat, the Court in
Eidelbach v. Davis, supra, said:

"It should be borne in mind that
easements in streets and public parkways may
be either of a public or a private nature.
When the dedicator of an addition files a
plat dedicating streets, alleys, and parkways
to public use, the public in general acquires
an easement in the streets, alleys, and park-
ways thus dedicated to the public use. But
persons purchasing lots in accordance with such
plat acquire an additional right to the use of
such streets, alleys, and parkways by reason of
their contract of purchase. In this case the
original plat of the townsite of San Leon and
the words of dedication which accompanied it
constituted a representation to prospective
purchasers of lots in the townsite that the
street and parkways should be kept open for use
of the lot owners and the public in general. The
existence of such dedicated streets and parkway
added to the value of the lots purchased by the
interveners and other purchasers. And in ac-
quiring their property in accordance with said
plat and dedication the interveners had a right
to rely upon the implied representation made
by the dedicator that the street and parkway so
dedicated to the public would never be put to
any use inconsistent with the use to which they
were dedicated. Such right, it will be observed,
arose out of the contract and is quite separate

Hon. T. D. Sansing - Page 4

and distinct from the right inuring to the general public by reason of the dedication. It is a well-settled rule in Texas that the two classes of easements, the one inuring to the public in general by the filing of the plat and dedication, and the other inuring to lot purchasers by reason of their contract, are separate and distinct rights which may coexist in contemporaneous and harmonious operation and one may be destroyed without necessary impairment of the other. That is to say, the proper public authority may vacate and close, or relinquish, the public easement without impairing any private or contractual rights which may exist in the easements affected. . . .

"The town of San Leon is not and never has been an incorporated town, and it is our conclusion that the commissioners' court of Galveston county had the power, by virtue of the statute in question, to relinquish the public rights in the street and parkway by authorizing Eagle, the landowner, to rescind the dedication.

"But what about the private or contractual rights in easements? Obviously, such rights could not be destroyed, or in any way impaired, by the order of the commissioners' court. The interveners and other lot owners had acquired their lots long before the order was entered. Their rights had vested and they could not be divested by such proceeding. . . ."

We answer your first question, Article 7227 does not authorize the Commissioners' Court to cancel all or any portion of such subdivisions therein described, but authorizes the owner to cancel the same in the manner therein prescribed.

Since Article 7227 expressly provides that, "This law shall not apply to any lands or lots included in an incorporated city or town", we answer your second question, no.

We do not answer your third question, because the matter involved does not come within our jurisdiction,

and we must therefore respectfully decline to express any opinion about it.

Thanking you for your able brief, which was attached to your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Thos. B. Duggan, Jr.
              Assistant

TBD:BT



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN